**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-00325-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Beatrice Denise Welsh, | |
| Defendant. | |

After a four-day jury trial, Defendant was found guilty of assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153 and 113(a)(6). (Docs. 108, 109.) Defendant has filed a motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. (Doc. 122.) The Government has filed a response (Doc. 124). No reply has been filed and the time for submitting one has passed.

Evidence at trial showed that Defendant was operating her 1995 GMC Sierra pickup truck on October 8, 2014, with Marcia Lopez as a passenger in the cab of the truck. Lopez, not seat-belted, was sitting with her back to the passenger door with the window rolled down. Because Defendant was aware that her right front brake was leaking fluid, she chose to drive the back, unpaved roads to their destination. Evidence further showed that as Defendant attempted to make a turn on the gravel road, at a speed between 53 and 58 miles per hour, she lost control, the vehicle rolled, and Lopez was ejected, sustaining a serious spinal injury which left her paralyzed from the neck down.

Examination of the accident scene revealed late steering input and no evidence of braking before the truck encountered a berm which caused it to roll. There was evidence that Defendant had been drinking prior to driving and smelled of alcohol at the scene of the accident, but her blood was not drawn until seven hours later and at that time her BAC was zero.

After the jury has returned a guilty verdict, the district court may set aside the verdict and enter an acquittal under Rule 29(c) only if it concludes that no rational fact-finder could, beyond a reasonable doubt, find against the defendant. In making this assessment, the court may not substitute its own inferences for those of the jury. *United States v. Gil*, 58 F.3d 1414, 1423 (9th Cir. 1995). When the sufficiency of evidence is challenged, the court must view the evidence in the light most favorable to upholding the verdict and determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*. at 1461.

Defendant's motion challenges the sufficiency of the evidence supporting one element of the offense: that she acted recklessly. The term "recklessly" was defined, without objection, for the jury as follows:

> An act is done recklessly if the defendant was aware of a substantial and unjustifiable risk and she consciously disregarded that risk. The risk must be of such a nature and degree that, considering the nature and purpose of the defendant's conduct and the circumstances known to her, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the defendant's situation.

Defendant contends that there was insufficient evidence for rational fact finders to find beyond a reasonable doubt that she was aware of the substantial and unjustified risk that she encountered as she attempted her turn. Defendant argues that although she knew she had a brake leak, she was not aware that the leak could cause the brakes to fail.

The Court finds that under all the circumstances, a rational fact-finder could find against Defendant. The evidence of Defendant's speed of more than 50 miles per hour, on a gravel road while executing a turn was by itself sufficient evidence of a substantial and unjustifiable risk which Defendant unjustifiably disregarded. With the additional fact

| | |
|---|---|
| 1 | of her knowledge of the leaky front brake, there is no room for argument about the |
| 2 | sufficiency of the evidence. The fact that her brakes allegedly had not failed before, |
| 3 | despite her knowledge that they leaked, does not diminish the strength of the evidence. It |
| 4 | is common knowledge that loss of brake fluid can cause brakes to fail, and Defendant |
| 5 | herself shared in this knowledge as took the back roads due to her faulty brake. |
| 6 | Construing the evidence in the light most favorable to the Government, as required |
| 7 | on the present motion, Court cannot conclude that no rational trier of fact could have |
| 8 | found beyond a reasonable doubt that Defendant acted recklessly. |
| 9 | **IT IS ORDERED** that Defendant's motion for judgment of acquittal (Doc. 122) |
| 10 | is **DENIED**. |
| 11 | Dated this 16th day of June, 2017. |

of her knowledge of the leaky front brake, there is no room for argument about the sufficiency of the evidence. The fact that her brakes allegedly had not failed before, despite her knowledge that they leaked, does not diminish the strength of the evidence. It is common knowledge that loss of brake fluid can cause brakes to fail, and Defendant herself shared in this knowledge as took the back roads due to her faulty brake.

Construing the evidence in the light most favorable to the Government, as required on the present motion, Court cannot conclude that no rational trier of fact could have found beyond a reasonable doubt that Defendant acted recklessly.

**IT IS ORDERED** that Defendant's motion for judgment of acquittal (Doc. 122) is **DENIED**.

Dated this 16th day of June, 2017.

Douglas L. Rayes
United States District Judge